DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS/ST. JOHN

REYNALD CHARLES,

        Plaintiff,

        v.

UNITED STATES OF AMERICA and
THE UNITED STATES POSTAL SERVICE,

        Defendants.

Civil Action No. 2019-0045

**Attorneys:**
**Clive Rivers, Esq.,**
St. Thomas, U.S.V.I.

**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is before the Court on a "Motion for Temporary Restraining Order and Injunctive Relief" and Memorandum in Support thereof (Dkt. Nos. 3, 4), filed by Plaintiff Reynald Charles ("Plaintiff") on June 28, 2019. By his Motion, Plaintiff—who states that he has performed mail transportation services in St. Thomas, United States Virgin Islands for the past 48 years—seeks a temporary restraining order enjoining Defendant United States Postal Service ("USPS") from awarding the mail transportation contract at issue to another company.

Based on Plaintiff's written submissions and the parties' oral arguments at the July 1, 2019 hearing on Plaintiff's Motion for Temporary Restraining Order, the Court finds that exclusive jurisdiction over this contract procurement matter lies in the United States Court of Federal Claims, and the case will therefore be transferred to that Court for adjudication.

## I. BACKGROUND

In his Verified Complaint, Plaintiff alleges that on January 24, 2019, the USPS issued a solicitation for proposals for mail transportation services in the St. Thomas/St. John district for the period July 1, 2019 to June 30, 2022. (Dkt. No. 6 at ¶ 10). Plaintiff further alleges that he submitted a bid in response to the USPS request for proposals. *Id.* at ¶ 11. Plaintiff asserts that, on June 1, 2019, he received an Inquiry Concerning Renewal of Transportation Services Contract for the transportation services at issue, but that USPS notified him on June 5, 2019, that his then-existing contract with USPS—which was set to expire on June 30, 2019—would not be renewed. *Id.* at ¶¶ 12-13. Although he appealed USPS' decision within the five business day time-frame provided, the USPS had already notified Plaintiff on June 7, 2019 that the mail transportation contract had been awarded to another company. *Id.* at ¶ 14. In addition to injunctive relief, Plaintiff seeks a declaratory judgment addressing the rights of the parties. *Id*. at ¶¶ 26, 30.

## II. DISCUSSION

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). As a result, federal courts have an independent obligation to ensure that they have subject matter jurisdiction over any case before the court, even if the issue is not raised by the parties. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.") Based on a review of this case, the Court concludes that subject matter jurisdiction does not exist in the District Court.

This case is plainly a government contract procurement dispute involving the United States Postal Service. Since 2001, such disputes have been vested exclusively within the jurisdiction of the United States Court of Federal Claims.

The relevant statute—the Administrative Dispute Resolution Act of 1996 ("ADRA")—initially provided both the Court of Federal Claims and district courts with:

> jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1); *see Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1083-84 (Fed. Cir. 2001). However, the ADRA also included a sunset provision "which terminated federal district court jurisdiction over bid protests on January 1, 2001." *Emery*, 264 F.3d at 1079. As the United States Court of Appeals for the Federal Circuit noted in *Emery*: "It is clear that Congress's intent in enacting the ADRA with the sunset provision was to vest a single judicial tribunal with exclusive jurisdiction to review government contract protest actions." *Id.*; *see also Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1330-32 (Fed. Cir. 2001) (discussing history of Court of Federal Claims expanding jurisdiction). That single judicial tribunal is the United States Court of Federal Claims.

Despite its unique status, it has long been held that the USPS is a "federal agency" within the meaning of 28 U.S.C. § 1491(b)(1). In *Emery Worldwide Airlines, Inc. v. United States*, 49 Fed. Cl. 211, 220 (2001), the court held that "[as] an independent establishment of the executive branch of the Government of the United States," the USPS falls within the definition of "federal agency," and therefore, comes within the scope of the ADRA. *Id.* at 214, 220. The Court of Appeals for the Federal Circuit affirmed that reasoning and recognized that the USPS is a federal agency subject to jurisdiction in the Court of Federal Claims in government procurement protest

3

cases. *Emery*, 264 F.3d at 1083-84; *see also J.C.N. Const., Inc. v. United States*, 107 Fed. Cl. 503, 506-07 (Fed. Cl. 2012) (post-award bid protest for USPS award of contract for HVAC system replacement heard by Court of Federal Claims); *Universal Protection Service, LP v. United States*, 126 Fed. Cl. 173, 184 (2016) (affirming jurisdiction in Court of Federal Claims over bid dispute for security and operations services for the USPS); *XTRA Lease, Inc. v. United States*, 50 Fed. Cl. 612, 616-17 (2001) (post-award bid protest relating to USPS solicitation for mail delivery trailers properly before Court of Federal Claims). The instant claims against the USPS thus fall squarely within the exclusive jurisdiction of the United States Court of Federal Claims.

Although this Court lacks jurisdiction to consider the merits of Plaintiff's claims, it has authority pursuant to 28 U.S.C. § 1631 to transfer the case to the Court of Federal Claims. Under § 1631, a federal court may transfer a case to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) "the action 'could have been brought' in the transferee district" at the time it was filed; and (3) "transfer is in the interest of justice." *Am. Fin. Res., Inv. v. Smouse*, 2018 WL 6839570 at *5 (D.N.J. Dec. 28, 2018) (citing *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 109 (3d Cir. 2009)).

Based on the discussion above, the first two prongs of § 1631 are satisfied. The Court further finds that the third prong is satisfied in that it is in the interest of justice to transfer this matter to "save the plaintiff the time, expense[,] and effort of having to refile the action," especially in view of Plaintiff's request for immediate injunctive relief. *Falivene v. United States Postal Service*, 2019 WL 1569817, at *4 (D.N.J., April 11, 2019). Accordingly, the Court will enter an Order transferring this matter to the United States Court of Federal Claims. *See Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (stating lower court should have considered whether transfer was appropriate once it determined it lacked subject matter

jurisdiction); *see also Falivene*, 2019 WL 1569817, at *4 (citing *Smith v. United States*, 99 Fed. Cl. 581, 584 (2011)) (same).

### III. CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case and that an Order transferring the case to the United States Court of Federal Claims is warranted.

An appropriate Order accompanies this Memorandum Opinion.

Date: July 2, 2019

_____/s/_____<br>
WILMA A. LEWIS<br>
Chief Judge